# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | Case Number: 1:20cr00181-001 |
| FABIAN HUMBERTO TOVAR CAICEDO | ) | USM Number: 20842-510 |
| | ) | Lana Manitta, Esquire |
| a.k.a. "Tobi," | ) | Defendant's Attorney |

The defendant pleaded guilty to Count 1 of the Indictment.

The defendant is adjudged guilty of this offense:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 959(a), 960, 963 | Conspiracy to Distribute Five Kilograms or more of Cocaine Knowing, Intending, and Having Reasonable Cause to Believe that it will be Unlawfully Imported into the United States | 04/2018 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

April 25, 2023
Date of Imposition of Judgment

/s/
Leonie M. Brinkema
United States District Judge

April 25, 2023
Date

| | |
|---|---|
| Case Number: | 1:20cr00181-001 |
| Defendant's Name: | CAICEDO, FABIAN HUMBERTO TOVAR |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED AND FORTY-FOUR (144) MONTHS WITH CREDIT FOR TIME SERVED STARTING MAY 31, 2021.

The defendant is remanded into the custody of the United States Marshal.

**RETURN**

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| Case Number: | 1:20cr00181-001 |
| Defendant's Name: | CAICEDO, FABIAN HUMBERTO TOVAR |

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of FIVE (5) YEARS.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 1:20-cr-00181-LMB   Document 37   Filed 04/25/23   Page 4 of 7 PageID# 144
AO 245B (Rev. 09/19) (VAE 11/21) Judgment in a Criminal Case                                                                                                Page 4 of 7
Sheet 3 – SUPERVISED RELEASE

Case Number:        1:20cr00181-001
Defendant's Name:   CAICEDO, FABIAN HUMBERTO TOVAR

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____  Date

| | |
|---|---|
| Case Number: | 1:20cr00181-001 |
| Defendant's Name: | CAICEDO, FABIAN HUMBERTO TOVAR |

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant must fully cooperate with the Department of Homeland Security, Bureau of Immigration and Customs Enforcement with any removal proceedings.

2) If removed, the defendant may not re-enter the United States while on Supervised Release.

3) Although mandatory drug testing is waived, the defendant must remain drug free and his probation officer may require random drug testing at any time. Should a test indicate drug use, then the defendant must satisfactorily participate in, and complete, any inpatient or outpatient drug treatment to which defendant is directed by the probation officer.

Case Number: 1:20cr00181-001
Defendant's Name: CAICEDO, FABIAN HUMBERTO TOVAR

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

**Payments of Restitution are to made payable to the Clerk, United States District Court, Eastern District of Virginia.**

Case Number: **1:20cr00181-001**
Defendant's Name: **CAICEDO, FABIAN HUMBERTO TOVAR**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.